**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ANICLETO MENDOZA-ZAPATA, | § |
| BOP No 49413-008, | § |
|     Defendant-Movant, | § |
| | § |
| v. | § No.  3:03-CR-0213-M |
| | §(No.  3:05-CV-0711-M) |
| UNITED STATES OF AMERICA, | § |
|     Plaintiff-Respondent. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case:  This is a motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. § 2255.

    Parties: Anicleto Mendoza-Zapata ("Mendoza-Zapata" or "Movant") is a federal prisoner currently confined at FCI Allenwood in White Deer, Pennsylvania.  Process has not been issued in this case.

    Statement of the Case: Mendoza-Zapata pled guilty to illegal reentry after deportation from the United States, on August 29, 2003.  On January 30, 2004, he was sentenced to 46 months in the penitentiary and three years of supervised release. Movant did not file an appeal.

    Mendoza-Zapata filed the instant habeas petition on March 22, 2005.  No process has been issued in this case.  However, on April 21, 2005 this court entered an order requiring Movant to show cause why his motion was not time-barred.  Movant filed his response on May 17, 2005.

1

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal inmates seeking relief under § 2255. *See* 28 U.S.C. §2255. The district court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Section 2255 provides in pertinent part as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant's judgment of conviction was entered on the docket on February 4, 2004. His conviction, therefore, became final on February 16, 2004, the last day on which he could have appealed to the Fifth Circuit Court of Appeals from the judgment of conviction. See Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.") and 26(a)(2). The one-year period began to run on February 17, 2004, the day after the conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir.1998), and expired on February 17, 2005. Movant did not file this §2255 motion until March 22, 2005, more than one month after the

expiration of the one-year period. Therefore, Movant's §2255 motion is untimely.

In his response to the court's order, Mendoza-Zapata he stated that he is not fluent in English, that he knows nothing of the law, and that he had heard from other inmates "about a new law that was past in the beginning of the year" which other inmates thought might apply to his case. Movant has not demonstrated that he is entitled to equitable tolling. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622 (2000)(ignorance of law and pro se status held insufficient to toll statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504 (1999)(unfamiliarity with legal process, illiteracy, lack of proficiency in English, and absence of legal representation do not merit equitable tolling). Therefore his motion should be dismissed as time-barred.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 as barred by the one-year statute of limitations.

A copy of this recommendation shall be mailed to Movant.

**SIGNED** this 11th day of July, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.